UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>FARES ABDELQADER | No. 19 CR 712<br><br>Judge Charles R. Norgle |

### *AGREED* PROTECTIVE ORDER GOVERNING DISCOVERY

Upon the motion of the government, pursuant to Fed. R. Crim. P. 16(d) and 18 U.S.C. § 3771(a)(1) and (8), it is hereby ORDERED:

1. Consistent with the terms of Federal Rule of Criminal Procedure 16, the government previously provided discovery to defendants. Other materials, which do not fall under Rule 16 (such as certain *Jencks* materials), have yet to be disclosed by the government. Such materials contain particularly sensitive information, the unrestricted dissemination of which could adversely affect the safety interest of third parties. This information includes materials involving the victims in this case. The government intends to produce such information and designate it "Sensitive Discovery Material" (the "Sensitive Discovery Material").

2. The Sensitive Discovery Material shall be plainly marked by the government prior to disclosure. For written materials, the pages that are Sensitive Discovery Material will be individually marked. For other items, such as audio or video recordings, the media containing those recordings will be marked in the same manner.

1

3. Neither the Sensitive Discovery Material nor the information contained therein may be disclosed to any persons other than counsel for the defendant (defined as counsel of record in this case), and staff members employed in counsel's office including investigators or experts employed by defendant's counsel to assist the defense ("authorized persons"), without authorization from the Court. Moreover, while defense counsel may <u>show</u> the Sensitive Discovery Material to the defendant, and those materials may be reviewed by the defendant in defense counsel's presence, the Sensitive Discovery Material (or copies of them or their contents) may <u>not</u> be physically provided to defendant for his retention or by any other means or methods. Likewise, the Sensitive Discovery Material shall not be included in any public filing with the Court, and instead shall be submitted under seal.

4. Defendant's counsel and authorized persons shall not copy or reproduce the Sensitive Discovery Material except for use in connection with this case by defendant's counsel and authorized persons. Such copies and reproductions shall be treated in the same manner as the originals.

5. Defendant's counsel and authorized persons shall not disclose any notes or records of any kind that they make in relation to the contents of the Sensitive Discovery Material, except to defendant for his review, and all such notes or records are to be treated in the same manner as the originals.

6. Before providing the Sensitive Discovery Material to an authorized person, defense counsel must provide the authorized person with a copy of this Order.

7. Upon conclusion of all stages of this case, all of the Sensitive Discovery Material and all copies made thereof shall be disposed of in one of three ways, unless otherwise ordered by the Court. The Sensitive Discovery Material may be (1) destroyed; (2) returned to the United States; or (3) retained in defense counsel's case file. The Court may require a certification as to the disposition of any Sensitive Discovery Material. In the event that the Sensitive Discovery Materials are retained by defense counsel, the restrictions of this Order continue in effect for as long as the Sensitive Discovery Material are so maintained, and the Sensitive Discovery Material may not be disseminated or used in connection with any other matter without further order of the Court.

8. To the extent any Sensitive Discovery Material is produced by the United States to defendant or defendant's counsel by mistake, the United States shall have the right to request the return of the material and shall do so in writing. Within five days of the receipt of such a request, defendants and/or defendants' counsel shall return all such material if in hard copy, and in the case of electronic materials, shall certify in writing that all copies of the specified material have been deleted from any location in which the material was stored.

9. The restrictions set forth in this Order do not apply to documents that are or become part of the public court record, including documents that have been received in evidence at other trials, nor do the restrictions in this Order limit defense counsel in the use of discovery materials in judicial proceedings in this case, except

that any document filed by any party which attaches or otherwise discloses specially identified sensitive information as described above shall be filed under seal to the extent necessary to protect such information, absent prior permission from this Court.

10. Nothing contained in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof.

ENTER:

*[signature]*

Charles R. Norgle
United States District Judge
Northern District of Illinois

Date: 1-17-20